# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                Case No: 5:16-cv-535-Oc-39PRL

**DONNA MAGGERT POOLE, LAUREN MAGGERT, P. M., BOB MCKEE and SANDI D. MAGGERT**

    Defendants.

## ORDER

Before the Court is the United States' motion for final default judgment. (Doc. 51). In the motion, the United States seeks relief against a minor, P.M. Initially, the minor's mother, Sandi D. Maggert (who is also a Defendant here and who has declined to answer (Doc. 29)), attempted to waive service on P.M.'s behalf. Then the United States re-served P.M. through personal service of her mother. (Docs. 46, 47). Despite service, no one has appeared on behalf of P.M.

Under Federal Rule of Civil Procedure 55(b), a court may enter default judgment "against a minor or incompetent person *only if* represented by a general guardian, conservator, or other like fiduciary *who has appeared*." (Emphasis added). At the end of the United States' motion, it requests that the Court consider the interests of P.M. and conclude that the minor's interests have been properly noticed and protected by her mother, Sandi D. Maggert. (Doc. 51 at pp.8–11); *see also* Fed. R. Civ. P. 17(c)(1)(A) (noting that a general guardian may defend a suit on behalf of a minor).

Yet the United States does not explain what exception, if any, allows contravention of Rule 55(b)'s plain language, which states that default judgment may be entered against a minor only after an appearance of a general guardian or a like fiduciary. For instance, the United States cites with approval an opinion from a similar case, in which the court appointed a father (who himself was in default) as guardian ad litem for his minor children and gave him a deadline to consent to the appointment, absent which the court would then enter default judgment against the minors. (Doc. 51 at pp.10–11). But that court did not explain why it declined to follow Rule 55(b)'s plain language. *United States v. Noble*, 269 F. Supp. 814, 816 (E.D.N.Y. 1967). Thus, unless and until an appearance is made in P.M.'s behalf by a general guardian or a like fiduciary, the Court cannot grant the requested relief in favor of the United States and against P.M. *See Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-CV-1054-ORL-28, 2011 WL 6752561, at *4 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted,* No. 6:11-CV-1054-ORL-28, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) (stating that "even if service is adequate, there is no showing that any default judgment can be entered here that is binding as to the minor's interest, absent the appearance of an appropriate fiduciary").

While I agree with the government that where, as here, there appears to be no conflict between the interests of the minor, P.M., and her mother, Sandi D. Maggert, that the mother can serve as the minor's general guardian in defending the minor's interests in the litigation. Fed. R. Civ. P. 17(c). But I disagree that a default judgement can be entered as to the minor without at least an appearance on her behalf, even if it is one disclaiming an interest.

As such, to ensure compliance with the plain language of Rule 55, Fed. R. Civ. P., and in consideration of the best interests of P.M., **Sandi D. Maggert** is **ORDERED**, as the general guardian of P.M., to appear on behalf of her minor daughter and to state whether P.M. opposes the

relief the United States seeks here. Sandi D. Maggert shall do so by filing a written response with this Court **on or before April 24, 2017**. If Sandi D. Maggert fails to respond to this order or otherwise files a response where she declares herself unfit or otherwise unwilling to serve as the general guardian of P.M., then the United States shall move the Court for the appointment of a guardian ad litem. <u>The United States shall ensure that a copy of this order is delivered to Sandi D. Maggert and shall notify the Court on the docket of such service.</u>

**DONE** and **ORDERED** in Ocala, Florida on April 10, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties